IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| PAPER MAKING CONTROLS SERVICE, INC.<br><br>Plaintiff,<br><br>vs.<br><br>ICE HOUSE AMERICA, LLC,<br><br>Defendant. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:06-CV-12 |

**JOINT PROTECTIVE ORDER**

Upon stipulation of the parties for a Joint Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT:

**1.0     General**

1.1     This joint protective order (the "Order") shall govern all discovery authorized by the Federal Rules of Civil Procedure, or otherwise agreed to by the parties, conducted in this case.

1.2     This Order shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

1.3     Nothing in this Order shall limit or preclude a party to this litigation from applying to the Court for relief from this Order, or for such further or additional protective orders as the Court may deem appropriate.

1.4     For purposes of this Order, "item" shall mean any document, thing, interrogatory answer, deposition or court testimony, admission or other material or information that is produced

during discovery, generated or provided by a party or its counsel, or filed with the court, in this action.

**20.0    Designation of Levels of Protection**

2.1    A party to this litigation, or a third party who elects to be protected by this Order, who produces or discloses any item, may designate the item as:

"**CONFIDENTIAL**"

if such item concerns trade secrets, competitively sensitive information or other confidential information the present disclosure of which to any person not authorized by this Order, in the good faith judgment of the designating party, would be detrimental to the designating party in the conduct of its business.

2.2    A party to this litigation, or a third party who elects to be covered by this Order, who produces or discloses any item, may designate the item as:

"**HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES  ONLY**"

if such item meets the requirements for designation as "CONFIDENTIAL" and, in addition, the disclosure of the item poses an unreasonable risk of material harm to the designating party.  Items shall not be designated as "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" unless such items (a) contain information for the most sensitive nature that, if disclosed to persons of expertise in this area, would reveal significant technical or business advantages of the producing or designating party, and (b) contain only information that is believed to be unknown to one or more of the opposing party or parties.  Examples of "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" information include materials relating to research for and production of current products and of processes, technical and research information regarding future products and processes, customer information, pricing information, customer requirement information, certain highly sensitive business or financial information and marketing plans and forecasts, any pending or

abandoned patent applications, any license or settlement agreements, and any similar information. The "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" designation is an exceptional designation and is to be used in good faith only to protect confidential material that meet the above defined criteria.

**30.0   Marking of Designated Items**

3.1   The designation of items that exist in tangible form shall be achieved by visibly and securely marking the item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY."

3.2   Multi-page or multi-screen items shall have each page or screen marked with the designation.

3.3   Designated items that cannot be readily or easily marked in a visible, secure manner shall be marked by the designating party serving a letter upon the receiving party that clearly identifies the item and the CONFIDENTIAL designation under this Order.  This manner of designation shall be completed prior to or concurrent with the disclosure of the item, subject to paragraphs 4.0 and 12.0.

**40.0   Rule 34 Inspection of Items**

4.1   In the event a party elects to produce items for inspection under Rule 34, no marking need be made by the producing party in advance of the initial inspection.

4.2   For purposes of the initial inspection, all items produced shall be considered as designated and as marked "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY."

4.3   Upon selection of specified items for copying, the producing party may designate and mark the copies of such items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY," as appropriate, prior to producing the copies to the inspecting party.

**50.0    Authorized Recipients of HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY Items**

5.1    Items designated as "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" shall be restricted to the following persons on behalf of the receiving party:

5.1.1 Outside counsel of the party in this action, including local counsel, and their support staff;

5.1.2   Court personnel, stenographic reporters, and videographers engaged in such proceedings as are necessarily incident to the preparation for trial (*e.g.*, depositions) and/or trial of this action; and

5.1.3 A reasonable number of independent outside experts or consultants, each of whom has been qualified under paragraph 8.0 of this Order, and their support staff.

5.20    The disclosure of HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY items to an independent expert or consultant must be reasonably necessary to assist counsel for a party in the preparation for trial and/or the trial of this action.

**60.0    Authorized Recipients of CONFIDENTIAL Items**

6.1    Items designated by a party as "CONFIDENTIAL" shall be restricted to the persons authorized by paragraph 5.0 and to five (5) business persons employed by Plaintiffs (collectively) and five (5) business persons employed by Defendant during the pendency of this action and each of whom has been qualified under paragraph 8.0 of this Order.

6.2    A businessperson authorized to receive items designated as "CONFIDENTIAL" is not authorized to receive items designated as "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY."

**70.0    Disclosure to Expert Recipients**

7.1     A person authorized to receive HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY items may disclose such items or the substance of such items only to persons personally known to him/her to be authorized under this Order to receive HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY items.

7.2     A person authorized to receive CONFIDENTIAL items may disclose such items or the substance of such items only to persons personally known to him/her to be authorized under this Order to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY items.

       7.3     However, during a deposition in this action, counsel for a receiving party may question any author, direct recipient, present employee or officer, or past employee or officer of the disclosing party concerning items designated under this Order, regardless of whether the deponent is authorized under this Order.

**8.0     Qualification of Certain Recipients**

8.1     Each independent expert or consultant used by a party for purposes of this case (paragraph 5.0) and each of the up to five (5) business persons (paragraph 6.0) shall read this Order and each shall agree in writing, by executing the appropriate form declaration agreement attached hereto as Exhibit A or Exhibit B, to be bound by the terms of this Order concerning receipt and disclosure of items designated under this Order.

8.2     A duplicate original of each declaration agreement shall be provided to each other party within five (5) days after execution thereof.

8.3     Each expert or consultant shall provide a brief biographical sketch with the signed declaration agreement that includes a description of his/her prior employment and consulting

positions held by the expert or consultant in his/her field, and shall disclose any relationship to the parties, direct or indirect.

8.4     No designated item shall be shown to any expert, consultant, or businessperson until ten (10) business days after that expert or consultant has been identified in writing to the opposing parties, including the brief biographical sketch.

**9.0     Objection to Qualification of a Person**

9.1     A party may object in writing to the qualifications of a person as an expert, consultant, or business person within the ten (10) business day period set forth in sub-paragraph 8.4.

9.2     No disclosure of designated items shall be made to the objected-to person until the objecting party consents or until the Court rules in favor of the non-objecting party on appropriate motion.

9.3     The parties shall attempt in good faith to resolve the issue before involving this Court.

9.4     The party seeking to disclose designated items to the expert, consultant, in-house attorney or businessperson shall be the moving party.

**100.0   Challenging the Designation of an Item**

10.1    A party shall not be obligated to challenge the propriety of a designation of an item as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

10.2    In the event that any party to this suit objects at any stage of these proceedings to the designation by another party of any item as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY, the parties first shall try to resolve such dispute in good faith without involving this Court.

10.3   If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court and will have the burden of proof to establish that the item should not have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY.

10.4   Exceptions to this Order may be made by written or transcribed agreement of the parties, and either party may seek an order of this Court modifying this Order.  This Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular item is or is not, in fact, confidential, proprietary, or secret information or otherwise appropriately designated in accordance with this Order.

**110.0   Derivation**

11.1   Information obtained by a party inspecting, measuring, analyzing, testing, using, consulting, or otherwise reviewing any item designated under this Order shall be considered as designated and marked according to the highest level of protection of any item reviewed in obtaining that information.

**120.0   Depositions**

12.1   Any party may designate testimony on oral deposition under any one or more of the two categories of confidential information identified in Section 2.0 above.  The designation of such testimony may be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

12.2   Once testimony has been designated under this Order, only the following persons shall be present for the answer:

      12.2.1  persons authorized under this Order;

      12.2.2  the deponent; and

      12.2.3  the reporter and videographer.

12.30   The portion of the deposition transcript corresponding to the designated answer shall be marked by the reporter and videographer as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY," as appropriate.

12.4   A deponent and/or party shall have until thirty (30) days after receipt of a deposition transcript to designate additional portions of the transcript under this Order.

12.5   Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked, as designated.

12.6   Prior to the expiration of the thirty (30) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" and the deponent.

**130.0   Use For This Litigation and Related Litigation Only**

13.1   Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action or any other action involving the same parties and claims arising out of the same transaction or occurrence giving rise to the claims and counterclaims asserted in the above-captioned action.

**140.0   Public Knowledge**

14.1   The provisions of this Order with respect to items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" shall not apply to an item that (a) was, is, or becomes public knowledge, not in violation of this Order; (b) is acquired in good faith from a third party not subject to this Order, such third party being lawfully in possession of it and not under any restriction prohibiting the release of it; (c) was possessed prior to receipt of the item asserted to be confidential from a source able to provide it without a breach of confidence; or

(d) is discovered independently by the receiving party by means that do not constitute a violation of this Order.

14.2    If a party desires to make use of an item designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" for purposes inconsistent with the designation under this Order and contends that the item comes within sub-paragraph 14.1, then the party shall notify the disclosing party in writing of the receiving party's intention to use such item and the factual basis for its contention that the item comes within sub-paragraph 14.1.

14.3    For a period of ten (10) days subsequent to such written notification from the receiving party to the disclosing party, the receiving party shall make no disclosure of the item inconsistent with its designation under this Order to provide the disclosing party opportunity to move the Court for appropriate relief.

**150.0    Items Filed With The Court**

15.1    Any item or substance of an item designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" that is filed with the Court for any purpose shall be filed in a sealed envelope and marked with the title of the action and the following statement:

> **THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE AGREED PROTECTIVE ORDER ENTERED BY THE COURT IN THIS SUIT, AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT.**

15.2    To the extent practicable, designated items or the substance of designated items shall be filed separately or in severable portions of filed papers, so that non-designated items may be freely disseminated.

15.3    No designated items or substance of a designated item shall be included in whole or in part in pleadings, motions, briefs, or other papers filed in Court except as provided in this paragraph.

**160.0   Inadvertent Disclosure**

16.1    The inadvertent or unintentional disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY or any other privileged or protected item, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection or privilege informs the opposing parties of its claim within a reasonable time after learning of the disclosure.

**170.0   Miscellany**

17.1    Counsel for each party shall take reasonable precautions with regard to storage, custody and use of designated items to prevent the unauthorized or inadvertent disclosure of any protected information.

17.2    This Order shall not be construed as a waiver of the right of a party to object to discovery under Rule 26.

17.3    Promptly after final termination of this action by judgment, settlement or otherwise, all designated items disclosed under the terms of this Order, including all copies thereof and all items derived from such items, shall be destroyed or delivered to the counsel for the designating party, unless otherwise agreed in writing.  As an alternative to destroying or delivering to counsel all such designated items, counsel may retain a copy of a limited number of items for the purpose of providing continued advice to the retaining party's client, provided that all such documents shall be treated as "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" in accordance with

this Joint Protective Order. It is further understood that outside counsel for each party may retain its work product.

17.4    This Joint Protective Order shall not be construed to prevent counsel from rendering advice to his or her client with respect to this litigation or from conveying to such client his or her evaluation of designated information produced or exchanged herein, provided, however, that in rendering such advice or otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any designated information produced by another party herein, which disclosure would be contrary to the terms of this Order.

17.5 The fact that a party has designated an item under this Order and the level of designation is not probative as to whether the item is a *bona fide* trade secret or other intangible property right and such designation, level of designation, and existence of this Order shall not be made known to the jury either directly or indirectly.

**SO ORDERED** this 3rd day of April, 2006.

               **S/   Hugh Lawson**
               UNITED STATES DISTRICT JUDGE

Approved by:

FLYNN & PEELER, LLC

**s/Charle E. Peeler**
CHARLES E. PEELER
Georgia State Bar No. 570399
FLYNN & PEELER, LLC
415 Pine Avenue, Suite 103
P.O. Box 7 (31702)
Albany, GA 31701
229-446-4886
229-446-4884 (facsimile)

Attorney for Plaintiff

  **"I certify that the originally executed document contains the signatures of all filers indicated herein and therefore represents consent for filing of this document."**


THE KIRBO LAW FIRM

**s/Thomas L. Kirbo, III**
Thomas L. Kirbo, III
Georgia State Bar No. 422800
26 South Main Street
P.O. Box 1748
Moultrie, Georgia 31776
(229) 985-1955
(229) 890-2487 (facsimile)
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| PAPER MAKING<br>CONTROLS SERVICE, INC. | § § § | |
| Plaintiff, | § § § | EXHIBIT A to Protective Order |
| vs. | § § § | CIVIL ACTION NO. 6:06-CV-12 |
| ICE HOUSE AMERICA, LLC, | § § § | |
| Defendant. | § | |

**DECLARATION OF _____**

**PURSUANT TO PARAGRAPH 5.0 OF JOINT PROTECTIVE ORDER**

I, _____ having been warned that perjury is a crime punishable under the laws of the United States, declare as follows:

1. I have read and understand the contents of the JOINT PROTECTIVE ORDER FOR DISCOVERY dated _____, and signed by the United States District Judge in this matter.

2. I am a recipient under Paragraph 5.0 of the JOINT PROTECTIVE ORDER authorized to receive "Confidential – Attorneys Only" information. I have executed this Declaration and have agreed to observe the conditions provided in the JOINT PROTECTIVE ORDER prior to any disclosure to me of any item designated under the JOINT PROTECTIVE ORDER.

3. I expressly agree that:

(a) I have read and shall be fully bound by the terms of the JOINT PROTECTIVE ORDER;

(b) All items that are disclosed to me under the JOINT PROTECTIVE ORDER shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the substance of, any item provided to me except in accordance with the JOINT PROTECTIVE ORDER;

(c) I shall not make, or cause to be made, any copy of such item in any form, except as permitted under the JOINT PROTECTIVE ORDER;

(d) I shall not use or refer to any item or substance of an item so designated other than in connection with this litigation and as prescribed in the JOINT PROTECTIVE ORDER; and

(e) I shall, upon notification that this litigation has terminated, return any copies of items to counsel for the producing party at such counsel's expense, and I shall destroy any notes or memoranda I have that concern such items.

4. I do and shall subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be found, for purposes of enforcement of the JOINT PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____    _____

Name: _____

Title: _____

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| PAPER MAKING<br>CONTROLS SERVICE, INC. | § § § | |
| Plaintiff, | § § § | Exhibit B to Protective Order |
| vs. | § § § | CIVIL ACTION NO. 6:06-CV-12 |
| ICE HOUSE AMERICA, LLC, | § § § | |
| Defendant. | § | |

**DECLARATION OF**

_____

**PURSUANT TO PARAGRAPH 6.0 OF JOINT PROTECTIVE ORDER**

I, _____, having been warned that perjury is a crime punishable under the laws of the United States, declare as follows:

1. I have read and understand the contents of the JOINT PROTECTIVE ORDER FOR DISCOVERY dated _____, 2005, and signed by the United States District Judge in this matter.

2. I am a recipient under Paragraph 6.0 of the JOINT PROTECTIVE ORDER authorized to receive "Confidential" information. I have executed this Declaration and have agreed to observe the conditions provided in the JOINT PROTECTIVE ORDER prior to any disclosure to me of any item designated under the JOINT PROTECTIVE ORDER.

3. I expressly agree that:

   (a) I have read and shall be fully bound by the terms of the JOINT PROTECTIVE ORDER;

    (b)    All items that are disclosed to me under the JOINT PROTECTIVE ORDER shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the substance of, any item provided to me except in accordance with the JOINT PROTECTIVE ORDER;

    (c)    I shall not make, or cause to be made, any copy of such item in any form, except as permitted under the JOINT PROTECTIVE ORDER;

    (d)    I shall not use or refer to any item or substance of an item so designated other than in connection with this litigation and as prescribed in the JOINT PROTECTIVE ORDER; and

    (e)    I shall, upon notification that this litigation has terminated, return any copies of items to counsel for the producing party at such counsel's expense, and I shall destroy any notes or memoranda I have that concern such items.

4.    I do and shall subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be found, for purposes of enforcement of the JOINT PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____          _____

                                                  Name: _____

                                                  Title: _____